**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COASTAL ELECTRICAL CONSTRUCTION, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 25-1295-GBW |
| KENNETH JERNIGAN and LINECO, LLC, | |
| Defendants. | |

Benjamin P. Chapple, REED SMITH LLP, Wilmington, Delaware; David W. Long-Daniels, REED SMITH LLP, Atlanta, Georgia.

*Counsel for Plaintiff*

Stephanie S. Riley, WOMBLE BOND DICKINSON (US) LLP, Wilmington, Delaware; Richard J.R. Raleigh, Jr. Christopher L. Lockwood, WOMBLE BOND DICKINSON (US) LLP, Huntsville, Alabama.

*Counsel for Defendants*

**MEMORANDUM OPINION**

April 21, 2026
Wilmington, Delaware

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Plaintiff Coastal Electrical Construction, LLC ("Plaintiff" or "Coastal") filed this action against Defendants Kenneth Jernigan ("Mr. Jernigan" or "Jernigan") and Lineco, LLC ("Lineco") (together, "Defendants") on October 22, 2025. D.I. 1. Plaintiff's Complaint purports to allege against Defendants one federal law claim (misappropriation of trade secrets pursuant to the Defend Trade Secrets Act) and several state law claims (breaches of the non-compete and non-solicitation provisions of the purchase agreement, common law tort claims, and unfair competition). D.I. 1 ¶¶ 86-116, 161-180. In addition, Plaintiff's Complaint purports to allege against only Mr. Jernigan various state law claims (multiple breaches of the separation agreement, breach of common law employee duty of loyalty and fraudulent misrepresentation). D.I. 1 ¶¶ 117-160, 181-190.

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim ("Defendants' Motion") (D.I. 10), which has been fully briefed (D.I. 11; D.I. 14; D.I. 16). After evaluating Plaintiff's Complaint and both sides briefing, the Court finds that Plaintiff fails to sufficiently state its federal law claim. Lacking federal question jurisdiction, the Court exercises its discretion to decline supplemental jurisdiction over the remaining state law claims. Thus, the Court grants Defendants' Motion (D.I. 10). Without any viable claims before it, the Court denies-as-moot Defendants' Motion to Stay Discovery (D.I. 22). The Court also denies-as-moot Plaintiff's and Defendants' Requests for Oral Argument (D.I. 17, D.I. 19).

## I.    BACKGROUND

The following are factual allegations from Plaintiff's Complaint (the "Complaint") (D.I. 1) and are taken as true for the purpose of resolving Defendants' Motion.

Mr. Jernigan founded Coastal in or around 2014. D.I. 1 ¶ 19. In 2020, Mr. Jernigan founded Lineco. *Id.* ¶ 20. In August 2020, Mr. Jernigan, his wife (a co-owner of Coastal), and

1

Lineco executed a Membership Interest Purchase Agreement ("Purchase Agreement") to sell Coastal to Barlett Holdings, Inc. ("Bartlett"). *Id.* ¶ 23. The Purchase Agreement included non-compete and non-solicitation provisions effective for a period of five years following the August 2020 closing date. *Id.* ¶¶ 25, 28-29. The Purchase Agreement further required Defendants to "keep confidential, not use, not disclose, and take commercially reasonable efforts to prevent the disclosure of, any Confidential Information." *Id.* ¶ 30.

Following the sale of Coastal and until his resignation on August 8, 2023, Mr. Jernigan held an executive role at Coastal where he retained authority over operations, staffing, and strategic decisions. *Id.* ¶ 34. Through his executive role, Mr. Jernigan retained access to Coastal's confidential and proprietary business information, including customer identities, pricing, bidding strategies, operational plans, and new development strategies for customers. *Id.* ¶ 37. Following his resignation on August 8, 2023, Mr. Jernigan entered a Separation Agreement where he acknowledged having access to trade secrets and proprietary business information of Coastal during his employment and agreed not to use or disclose such information. *Id.* ¶¶ 41-44. Mr. Jernigan also agreed not to solicit employees or customers of Coastal for a period of two years. *Id.* ¶ 47.

After Mr. Jernigan resigned from Coastal, he continued to secretly operate Lineco, a competitor of Coastal with overlapping customers and projects. *Id.* ¶¶ 48-49. Coastal learned that Mr. Jernigan had also been operating Lineco while he was a Coastal executive, during which Lineco performed work for customers in Coastal's service territory. *Id.* ¶ 50. To operate Lineco, Mr. Jernigan utilized Coastal's resources and confidential information and solicited Coastal's customers and employees. *Id.* ¶¶ 53-76.

2

## II.    LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, Civ. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 23-239 (KAJ), 2024 WL 2804703, at *1 (D. Del. May 31, 2024).

3

## III.    DISCUSSION

Plaintiff fails to state a claim under the Defend Trade Secrets Act ("DTSA") as a matter of law.  The DTSA defines a trade secret as "information that (i) 'the owner thereof has taken reasonable measures to keep . . . secret' and (ii) 'derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of [such] information.'" *Power Integrations, Inc. v. Silanna Semiconductor N. Am., Inc.*, No. 19-1292-LPS, 2020 WL 3508078, at *2 (D. Del. June 29, 2020) (quoting 18 U.S.C. § 1839(3)).

To survive a motion to dismiss for failure to state a claim for trade secret misappropriation under the DTSA, the plaintiff must have alleged "(1) a trade secret (2) connected to interstate [or foreign] commerce (3) that defendants misappropriated." *JPMorgan Chase Bank, Nat'l Ass'n v. Argus Info. & Advisory Servs. Inc.*, 765 F. Supp. 3d 367, 374 (D. Del. 2025) (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 906 (3d Cir. 2021)); 18 U.S.C. § 1836(b)(1).  A plaintiff must identify its alleged trade secrets with a "reasonable degree of precision and specificity . . . such that a reasonable jury could find that plaintiff established each statutory element of a trade secret." *Dow Chem. Canada Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346 (D. Del. 2012).

In *Eastman Chemical Co. v. AlphaPet Inc.*, the court found that the plaintiff alleged "sufficient factual information to provide adequate notice of the plausible grounds for [p]laintiff's misappropriation claim" because the complaint made "repeated references" to the specific "IntegRex™ PET technology" that gave rise to the misappropriation claim.  C.A. No. 09-971-LPS-CJB, 2011 WL 5402767, at *5 (D. Del. Nov. 4, 2011), *report and recommendation adopted*, 2011 WL 6148637 (D. Del. Dec. 9, 2011).  Similarly, in *Courier NetWork, Inc. v. Airspace Technologies, Inc*, this Court found the following list of alleged misappropriated trade secrets sufficient to survive a motion to dismiss:

4

> [Plaintiff's] customer list; rates and terms of service; suppliers; routings; business policies finances and business plans; financial projections; customized software; marketing and supplies; shipment operations; account terms; pricing of sales contracts; names and addresses of [plaintiff's] employees and other business contacts of [plaintiff]; and techniques, methods and strategies by which [plaintiff] develops, markets, distributes and sells its services.

C.A. No. 25-214-GBW, 2026 WL 25755, at *3 (D. Del. Jan. 5, 2026) (cleaned up). Although the list did not "spell out the details of the trade secret," the Court found that the plaintiffs had at least identified "the boundaries within which the secret lies." *Id.* at *4 (quoting *Oakwood*, 999 F.3d at 906).

In contrast, in *Varonis Systems, Inc. v. Guanciale*, this Court found insufficient a list of vague categories of confidential information, including "current and prospective customer details, business arrangements, price strategies, product information . . . , product development roadmaps, product integration capabilities, procedures and protocols for providing technical support and after-sales services, marketing strategies, and importantly, competitive analyses . . . ." C.A. No. 25-571-GBW, 2026 WL 370958, at *3 (D. Del. Feb. 10, 2026). In so doing, the Court noted that the categories of trade secrets alleged provided "almost no guidance as to the nature of the alleged trade secret[(s)], leaving the defendant [and the Court] to guess at which of the legions of its unidentified [items] was alleged to have been wrongfully misappropriated." *Id.* (alterations in original) (quoting *Power Integrations*, 2020 WL 3508078, at *3).

The similarities between the complaint in *Varonis* and Plaintiff's Complaint in this action are salient. In this action, Plaintiff identifies the following list of confidential information that Defendants allegedly misappropriated: "Coastal's customer information, customer relationship management processes, bidding information and strategies, pricing information and strategies, proposal templates, financial information and strategies, operational plans, and developmental

information and strategies." D.I. 1 ¶ 88. These categories are even broader than those listed in *Varonis*, which the Court found to be "so broad as to be meaningless." *Varonis*, 2026 WL 370958, at *3 (citing *Medafor, Inc. v. Starch Med. Inc.*, No. 09-CV-0441 PJS/FLN, 2009 WL 2163580, at *1 (D. Minn. July 16, 2009)). Unlike *Courier Network*, where the complaint described specific items (e.g., a customer list, account terms, customized software, and financial projections), Plaintiff's Complaint in this action fails to describe the alleged trade secrets with any level of specificity. Although Plaintiff describes the general subject matter of its alleged trade secrets (e.g., customers, bidding, pricing), Plaintiff does not specify the allegedly misappropriated items related to that subject matter. Plaintiff merely lists broad categories of "information and strategies," "processes," "plans," and "templates," which fails to put Defendants on proper notice of what items those information and strategies, processes, plans, and templates, could actually be. Thus, Plaintiff fails to sufficiently state a claim for violation of the DTSA as a matter of law, and the Court grants Defendants' Motion.

Without any viable federal cause of action before it, the Court exercises its discretion to decline supplemental jurisdiction over the remaining state law claims. *See Varonis*, 2026 WL 370958, at *4 (dismissing a DTSA claim and "declin[ing] supplemental jurisdiction over the remaining state claims"); *Lithero, LLC v. AstraZeneca Pharms. LP*, C.A. No. 19-2320-RGA, 2020 WL 4699041, at *2 (D. Del. Aug. 13, 2020) (same).

## IV.    CONCLUSION

For all the foregoing reasons, the Court grants Defendants' Motion (D.I. 10). Without any viable claims before the Court, the Court denies-as-moot Defendants' Motion to Stay Discovery (D.I. 22). The Court also denies-as-moot Plaintiff's and Defendants' Requests for Oral Argument (D.I. 17, D.I. 19). The Court will issue an Order consistent with this Memorandum Opinion.